THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00049-MR-WCM

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **O R D E R** |
| JUVE MARKIE LEQUAN McALPIN, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 43].

I. **BACKGROUND**

In October 2019, the Defendant Juve Markie Lequan McAlpin, a convicted felon, posted a video on social media depicting himself holding a gun. [Doc. 33: PSR at ¶ 15]. Two months later, police found the Defendant in possession of a loaded nine-millimeter pistol. [Id. at ¶¶ 8-11, 16-19].

A federal grand jury indicted the Defendant and charged him with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. The Defendant pled guilty to this offense without a plea agreement. [Doc. 21].

In advance of sentencing, the Court's probation office submitted a Presence Report and calculated a total offense level of 12. [Doc. 33: PSR at ¶ 35]. The Defendant's criminal history garnered six criminal history points related to his prior convictions. [Id. at ¶ 49]. Some of the Defendant's prior convictions were not assigned criminal history points, however, because they were resolved with other convictions in a consolidated judgment. [See id. at ¶¶ 45, 47]. The probation office also assessed the Defendant two criminal history "status" points because he committed his offense while he was on probation, for a total of eight criminal history points, resulting in a criminal history category of IV. [Id. at ¶ 50]. Based on a total offense level of 12 and a criminal history category of IV, the probation office concluded that the Sentencing Guidelines advised a sentence between 21 and 27 months' imprisonment. [Id. at ¶ 74].

At sentencing, the Court imposed a sentence of 38 months' imprisonment, an upward variance of 41% above the high end of the guidelines range. [Doc. 40 at 2]. In so doing, the Court explained that the Defendant's criminal history category understated "his history of gun violence within a short time frame." [Doc. 41 at 3]. The Court found that a sentence of 38 months was sufficient, but not greater than necessary, to accomplish the sentencing objectives described in 18 U.S.C. § 3553(a),

particularly considering the Defendant's history and characteristics, the need for adequate deterrence, and the need to avoid unwarranted sentencing disparities. [Id.].

The Defendant, through counsel, now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 43]. The Government opposes the Defendant's Motion. [Doc. 46].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so

3

doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III.   DISCUSSION

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant who has six or less criminal history points and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable,

4

authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2).  U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d).  This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

The Defendant is eligible for a sentence reduction under Amendment 821.  At the time of sentencing, the Defendant was assigned a total of eight criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of IV.  With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing his criminal history score from eight to six.  That score corresponds to a criminal history category of III, which results in a revised advisory guidelines range of 15 to 21 months.

Having determined the amended guidelines range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part.

The Defendant contends that the Court should reduce his sentence to no more than 30 months, which would be a proportionate reduction equal to

5

41% above the high end of the amended guidelines range. [Doc. 43 at 4]. However, a review of the § 3553(a) factors, and particularly the Defendant's post-sentencing conduct, counsel against a reduced sentence. By the age of 18, when the Defendant committed the present offense, he already had accrued a lengthy criminal history of violent offenses against police officers and others. [See id. at ¶¶ 41-48]. For example, in 2017, at the age of 16, the Defendant broke into his victim's home, punched her in the back of the head, and forced a door into her foot. [Id. at ¶ 45]. Later that same year, after threatening to "shoot that bitch's house" under circumstances suggesting that the threat was likely to be carried out, the Defendant resisted arrest by running away from officers, fighting officers in an attempt to escape, and failing to comply; kicked an officer in the chest; threw bodily fluid at an officer; kicked another officer in the legs and stomach; willfully injured the rear left window of a police vehicle causing damage in excess of $200; willfully injured the door hinge of a police vehicle causing damage in excess of $200; kicked an officer in the chest and physically resisted arrest, causing the officer to cut his hand; kicked another officer in the face, causing redness to the jaw and a headache; kicked another officer in the thigh and shoulder; and kicked a fourth officer in the back. [Id. at ¶ 47]. In 2018, at the age of 17, the Defendant assaulted a victim with a handgun, inflicting serious injury.

6

[Id. at ¶ 48]. The Defendant has received sentences of 13 to 25 months in prison, 16 to 29 months in prison, and 25 to 42 months in prison. [Id. at ¶¶ 43, 46, 48]. He has consistently violated the terms of his probation or supervision. [Id. at ¶¶ 43, 45-48].

With respect to his post-sentencing conduct, the Defendant's performance has been fair. He has completed five educational courses/work assignments, including drug education. [Doc. 44 at 3]. He is currently taking GED classes. [Id.]. Less than three months ago, however, he received a disciplinary citation for refusing a work or program assignment. [Id.]. The Defendant's minimal participation in post-sentencing rehabilitation and his very recent disciplinary infraction weigh against any discretionary sentence reduction.

As the Court noted at sentencing, the Defendant's criminal history includes a remarkable record of firearm offenses in short order. Regardless of whether the two status points are included in his criminal history calculation, such calculation fails to accurately represent the seriousness of his violent criminal history and his persistent violation of the terms of supervision. The Court's reasoning in favor of a 38-month sentence remains as persuasive today as it was when the Court sentenced the Defendant in August of 2022. The Defendant's current sentence of 38 months continues

7

to be sufficient, but not greater than necessary, to accomplish the sentencing objectives described in 18 U.S.C. § 3553(a), including the need to protect the public and the need to deter both the Defendant and others from continued disregard of laws regulating firearm possession by convicted felons. For all of these reasons, the Court in its discretion denies the Defendant's motion for a sentence reduction.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 43] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 5, 2024

Martin Reidinger
Chief United States District Judge